## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

FILED IN OPEN COURT
5 / 6 / 2013
TIMOTHY M. O'BRIEN, CLERK
BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA,      }
                               }
            Plaintiff,         }
                               }
      v.                       }      No.  12-20097-CM
                               }
JAMES CHRISTMAS                }
                               }
            Defendant.         }

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Kim I. Martin, and James Christmas, the defendant, personally and by and through defendant's counsel, Jacquelyn Rokusek hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

**1.     Defendant's Guilty Plea.**     The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of Title 18, United States Code, § 2252(a)(4)(B), that is, Possession of Child Pornography.  By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count  1 of the Indictment to which the defendant has agreed to plead guilty is not more than 10 years imprisonment, a $250,000 fine, not less than 5 years nor more than life supervised release, and a $100 mandatory special assessment.

### Forfeiture of Assets.

The defendant agrees to the forfeiture of the following property to the United States as outlined in the Indictment Forfeiture Allegation: One Hewlett Packard Computer serial

number US11554003; WD external hard drive serial number WCA 177993991; WD 30 GB hard drive; 3.5 floppy drive; Maxtor HDD; and Fujitsu HDD 3.5 CD/DVD, all seized September 2, 2010 in Olathe Kansas. Defendant agrees that this property was involved, possessed or used in the commission of Count 1. Defendant knowingly and voluntarily waives his right to a jury trial regarding forfeiture, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property listed herein. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of defendant's sentence or this agreement and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture. Additionally, defendant agrees to the immediate entry of the preliminary order of forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

**2.     Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

On September 2, 2010 The defendant's estranged wife reported to the Olathe, Kansas Police Department that she had located pornographic images on a computer disk belonging to the defendant, James Christmas. The responding officer viewed some of the images on the disc and believed they contained child pornography. The wife advised that she and the defendant were in the process of getting a divorce, and the court had awarded her temporary possession of the home. She further advised that a friend of the defendant's had come to the house and picked up his belongings including computer

2

related equipment. The wife signed a consent to search the residence and authorized the removal of a computer, disc, and other electronic items. She also provided three additional discs which she claimed contained child pornography.

A search warrant was obtained for the items recovered from the defendant's former residence. A forensic examination was completed and more than 12,000 images and 26 videos of child pornography, were found located on those discs and computer media. The images were sent to the National Center for Missing and Exploited Children. They report that over 1300 images contained within the defendant's computer media were images of real children living outside the state of Kansas. Thus the images would have traveled in interstate commerce in order to be possessed by the defendant.

**3.** **Application of the Sentencing Guidelines.** The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant reserves the right to seek a variance from the applicable guideline range as determined by the court. The parties understand this agreement binds the parties only and does not bind the Court.

3

**4.     Relevant Conduct.**     The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the information is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count 1, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

**5.     Government's Agreements.**     In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

> a.     To not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment;
>
> b.     To recommend a sentence at the low end of the applicable guideline range;
>
> c.     To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if the defendant's offense level is 16 or greater, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty.

The government's obligation concerning its agreements listed in ¶ 5 are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to request a hearing to determine if the

4

defendant has breached this agreement.

In the event the Court finds the defendant has breached this plea agreement or otherwise failed to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

7. **Information Provided by Defendant.** The United States agrees not to use new information the defendant provides about the defendant's own criminal conduct except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's

5

applicable guideline range or departing above his guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; (4) in the event there is a breach of this agreement; or (5) in determining whether and to what extent a downward departure as a result of a government motion pursuant to Title 18, U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 is warranted.

## 8. Identification of Assets & Agreement Concerning Monetary Penalties.

A) The defendant agrees to disclose to law enforcement officials the existence and status of all monies, property or assets, of any kind in which he has sole, joint or partial ownership or control OR was derived from or acquired as a result of, or used to facilitate the commission of the crimes charged. Furthermore, the defendant agrees to provide all of his financial information to the United States Attorneys Office at the same time that he provides such to the United States Probation Office as part of the presentence investigation procedure. Defendant consents to the release of the information from the United States Probation Office to the United States Attorneys Office should s/he neglect to separately provide such information to the United States Attorneys Office. Moreover, defendant agrees, if requested by either the United States Attorneys Office or the United States Probation Office, to participate in a pre-sentencing debtor's examination, which may include the taking of information from the defendant under oath.

6

B) The defendant further agrees to prevent the disbursement of any monies, property or assets derived from the crimes charged, or otherwise under his/her custody or control. If the defendant fails to comply with this provision the United States is relieved of its obligation to recommend a sentencing reduction for Acceptance of Responsibility pursuant to § 3E1.1, to file a 5K1.1 motion, or any other sentencing recommendations contained in this agreement.

C) The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The defendant agrees to disclose to law enforcement officials the existence and status of all monies, property or assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of the crimes charged. The defendant agrees to deliver to the United States of America, prior to sentencing, a completed financial statement identifying all of the defendant's assets. The defendant further agrees to prevent the disbursement of any monies, property or assets derived from the crimes charged. If the defendant fails to comply with this provision the United States is relieved of its obligation to recommend

7

a sentencing reduction for Acceptance of Responsibility pursuant to § 3E1.1 or any other sentencing recommendations contained in this agreement.

**9.** **Withdrawal of Plea Not Permitted.** The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

**10.** **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver payment to the clerk of the court in the appropriate amount no later than the day of plea. If the defendant fails to make full payment of the special assessment the United States will no longer be bound by the provisions contained in Section 5(b) of this agreement. The burden of establishing an inability to pay the required special assessment lies with the defendant.

**11.** **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C.

8

§ 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

**12.   FOIA and Privacy Act Waiver.**   The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552 and  the defendant waives any rights conferred under the Privacy Act of 1974, Title 5, U.S.C. § 552a to prevent or object to the disclosure of records or materials pertaining to this case.

**13.   Waiver of Claim for Attorney's Fees.**   The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**14.   Full Disclosure by United States.**   The defendant understands the United States will provide to the court and the United States Probation Office all

9

information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**15.    Deportation Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under Federal law, crimes involving controlled substances, firearms, aggravated felonies, or moral turpitude are deportable offenses; and the defendant's plea to any such crime may subject him to automatic deportation and removal from the United States. See 8 U.S.C. § 1227(a)(2) et. seq. Defendant affirms that he has been advised of the immigration consequences of pleading guilty and wants to plead guilty regardless of any immigration consequences that may result from his plea, even if such consequence includes his automatic deportation and removal from the United States.

**16.    Sex Offender Registration.**    The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following

10

jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes the name, residence address and the names and addresses of any places at which the defendant is or will be an employee or student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment, or both.

**17.    Parties to the Agreement.**    The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**18.    No Other Agreements.**    The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant

11

is guilty and is doing so freely and voluntarily.

Date: 5-6-13

KIM I. MARTIN
Assistant U.S. Attorney
500 State Ave. Suite 360
Kansas City, KS  66101
(913) 551-6730
Ks.S.Ct. # 13407

Date: 5/6/2013

JAMES CHRISTMAS
Defendant

Date: 5-6-13

JACQUELYN ROKUSEK
105 E. Park Street
Olathe, KS 66061
Attorney for Defendant