IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JAMES CHRISTMAS, )<br>    Defendant, )<br>_____ ) | Case No 12-20097-CM |

MOTION FOR VARIANCE

COMES NOW, the defendant, by and through counsel, Jacquelyn Rokusek, and moves the court to impose a sentence which varies from the guideline range in this matter and grant the defendant a term of probation. Counsel offers the following in support:

1. The court is required to impose a sufficient but not greater sentence than necessary. 18 USC § 3553(a). In determining whether a sentence meets this objective, the court is to consider the nature and circumstances of the offense in addition to the history and characteristics of the defendant, and the need for the sentence imposed to protect the public, rehabilitate the defendant, deter further criminal conduct and provide a just punishment for the offense, in addition to any policy considerations. §3553(a).

2. In determining a defendant's sentence, the court first calculates the guideline range advised by the USSG and then may consider a variance based on the factors contained in §3553. See Gall v. United States, 552 US 38 (2007). In imposing sentence, the court must make a decision that results in a "reasoned and reasonable" punishment. Id.

3. The defendant in this case pled guilty to one count of possession of child pornography, which carries a statutory maximum of 10 years in prison. The PSR

indicates that the defendant is facing a sentencing guideline range of 78-97 months (Criminal History I, Offense Level 28). However, the defendant is not precluded from a sentence of probation either by the severity of the offense or other statute. See 18 USC §3561 (a); 18U SC §2252(b)(2). Therefore, probation is a sentence which the court may consider in this matter.

4. In this case there are substantial reasons to justify a variance from the sentencing guidelines including the specific characteristics of the defendant, the specific characteristic of the offense and the fact that the enhancements contained in USSG § 2G2.2 are outdated and disproportionate.

5. The specific characteristics of this individual defendant warrant a variance in this matter. The defendant was steadily employed for more than 28 years with Hallmark. He has no criminal history, with the exception of one disorderly conduct charge which resulted in the successful completion of probation. The defendant's ability to maintain employment and avoid criminal allegations for nearly all of his life demonstrates that he is able to be a productive and law abiding member of society. See United States v. Huckins, 529 F.3d 1312 (2008)(variance based upon lack of criminal history permissible.). Further, the successful completion of his probation demonstrates that he is amenable to supervision and would be able to comply with the terms of probation.

6. The defendant also suffers from mental health issues and did so at the time of the offense. The defendant reports suicidal ideations, stress and anxiety regarding the end of his marriage. The defendant engaged in counseling and therapy through April of 2013 to address and improve his mental health.

7. The specific characteristics of this offense also support a variance in this matter. The defendant did not seek out the material in question. The defendant came into possession of the material when his neighbor asked him to work on her son's computer. The owner of the computer had been murdered and his mother wanted to retrieve all of his personal information and photographs off of the computer. The defendant inadvertently found child pornography on the computer yet did not distribute or file share any of the images.

8. There are also significant policy considerations related to the USSG for Child Pornography. The Child Pornography Guidelines have been determined by the Sentencing Commission to "result in overly severe guideline ranges for some offenders based on outdated and disproportionate enhancements related to their collecting behavior." United States Sentencing Commission, Report to Congress: Federal Child Pornography Offenses, December 2012, available at www.ussc.gov, p 321.

9. When a guideline is not based upon the careful study and consideration of the commission, such as "extensive empirical evidence derived from the review of thousands of individual sentencing decisions", the Court may vary from those guidelines in order to impose a sentence which satisfies §3553 for the individual circumstances of each case. Gall, supra; Spears v. United States, 555 US 261 (2009). The Court may also vary from guidelines recommendations based solely on policy considerations. See Rita v. United States, 551 US 338 (2007). The Guidelines for this offense simply exceed the appropriate sentence in this matter under §3553.

10. The commission report determined that 95% of all Child Pornography cases receive enhancements for prepubescent minors (§2G2.2(b)(2)), use of a computer (§2G2.2(b)(7)) and number of images (§2G2.2(b)(7)). Commission Report at 209. Mr. Christmas received these three enhancements resulting in an 11 level increase in offense level, which apparently virtually all child pornography cases receive. As the report noted, the advent of technology renders these offenders different from those who received pornography through the mail. Report at 312-313. With the ability to download images anonymously, the available child pornography to even first time offenders is vast and contains ever more explicit and violent acts such that these enhancements do not reflect an enhancement for the worst offenders and instead result in excessive punishment for lower level offenders as a matter of course. Id.

11. The application of the sentencing guidelines in this case results in the imposition of a sentence that does not satisfy §3553 for this first time offender. But for these enhancements which apply to every offender, the defendant's offense level in this matter would be 17, resulting in a range of 24-30 months. When the court considers the individual characteristics of this offender, a term of probation is an appropriate variance when the court considers all of the factors required under §3553, specifically the defendant's lack of criminal history, employment records, mental health issues and treatment, amenability to supervision and the noted errors in the guidelines. A sentence of 24 months would also be far more appropriate than a sentence of 78-97 months.

12. In addition to any term of incarceration, the defendant faces a term of lifetime post release with a host of conditions required and recommended for sex offenses in

addition to the standard post release conditions. Therefore, the defendant faces substantial restriction in his liberty for the remainder of his life. Further, the defendant will be required to register as a sex offender in at least the State of Kansas for the remainder of his life. See KSA §22-4902; KSA §22-4906; KSA §21-3516. Therefore, the defendant faces substantial lifetime restrictions which should be considered a mitigating factor when determining whether a term of incarceration is appropriate.

13. Mr. Christmas is not a pedophile. He has been evaluated by Dr. Bruce Cappo of Clinical Associates. He is not a sex offender. He is a man who found himself in possession of material he never intended to possess and he did not destroy it or contact the police. However, he has been subjected to a psychiatric assessment – one used by the Kansas Department of Corrections – to determine whether he is a danger to the community. This assessment, conducted by a doctor who is an expert in this field, clearly shows that Mr. Christmas could benefit from outpatient treatment. It also shows that he is attracted to *adults*, not children. Incarceration is not necessary to protect the public or for rehabilitative purposes. The only purpose incarceration serves in this case is as punishment. Mr. Christmas has been incarcerated since his change of plea in April resulting in punishment that has ranged from a loss of his career of 28 years to a complete disconnect from his children. Mr. Christmas is highly intelligent. He understands the potential ramifications of looking at child pornography or violating the terms of a potential probation. He successfully completed probation in Johnson County District Court. He successfully complied

with his pretrial release on this case. Mr. Christmas has proven to this court that he will comply with any terms of probation in the future.

WHEREFORE, the defendant requests that the court grant his request for variance and impose a term of probation in this matter as such a term of probation would result in a reasonable sentence which meets the required objectives for sentencing under 18 USC § 3553.

Respectfully submitted,

/s/Jacquelyn E. Rokusek
Jacquelyn E. Rokusek  #16308
8700 Monrovia Street, Suite 310
Lenexa, Kansas  66215
913.948.9311
913.273.1890 (Fax)
RokusekLawOffice@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of July, 2013, a copy of the aforementioned Motion for Variance was sent via electronic filing to:

AUSA Kim Martin

/s/Jacquelyn E. Rokusek